## Moses G. Cobb, Administrator, *vs.* Elizabeth Muzzey, Administratrix.

An administrator of an insolvent estate must account to an administrator *de bonis non* for sums of money paid on debts of the intestate by the first administrator during the first year of his administration, though without knowledge that the estate was insolvent.

An administrator is responsible for personal property applied by him to repairs and improvements of the real estate, though so applied in executing an agreement of the intestate.

Appeal by the administrator *de bonis non* of Benjamin Muzzey from a decree of the judge of probate, allowing the second

account of Elizabeth Muzzey, widow and first administratrix of said Benjamin. The reasons of appeal relied upon were these :

1st. That the administratrix was allowed sums of money, paid by her in payment of the intestate's debts, within a year after the granting of letters of administration to her, and before the estate was known to be insolvent.

2d. That she was allowed money advanced and expenses incurred by her in finishing the Lexington House, which was a public house built by the intestate, and left at his death in an unfinished state, and which, before his death, he had leased by oral lease for a term of years, and the lessee had entered upon and occupied, and the unfinished parts of which the intestate had agreed to finish to the satisfaction of the lessee, and also to build a stable, for all which the lessee was to pay an annual rent of \$1,200. The administratrix, in order to carry out the intentions and agreements of the intestate, and from fear that the lessee might claim damages, expended the sums in question in finishing the house and building the stable. This property was ultimately sold by the administrator *de bonis non;* but, during a year which intervened between the intestate's death and such sale, the administratrix, who continued to keep house and to support the family of the intestate, received the rent as stipulated, and received other rents and income from the property of the intestate to the amount of \$1000.

*Cushing*, J., before whom a hearing was had in Middlesex at October term 1852, reported the foregoing case for the decision of the full court, before whom it was argued in writing.

*M. G. Cobb, pro se.*

*J. P. Converse,* for the appellee.

HOAR, J. The court are of opinion that the appeal of the administrator *de bonis non* must be sustained, for both the reasons stated, and that the allowance of both classes of payments to the administratrix in her account was erroneous.

1. An administrator of an estate that is insolvent is answerable for the whole estate in his hands, to be applied in a general distribution among the creditors. If he pays one in preference

to others, it is a payment in his own wrong, and such payment cannot discharge him from a liability to account for the money which he has thus, expended in violation of his official duty. The only exceptions to the rule are the cases of privileged debts, which the debts paid by the administratrix in this case are not shown to have been; and of payments made after a year from the date of the administration, without notice of other debts to an amount which would render the estate insolvent.

2. The administratrix had no' right to apply the personal estate to repairs and improvements of the real estate. The only ground relied on in the argument of the appellee, to support her claim to allowance of the sums thus expended, namely, that the creditors have virtually received the benefit of them by an increased price in the sale of the real estate, does not seem to be established; and indeed we can hardly see how it is capable of proof. There is the less hardship in holding the administratrix responsible, that she and the heirs have received from the real estate a larger sum than has been expended upon it. *Decree of judge of probate reversed, and case remitted.*